UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
IN RE

DAVID I. CASSUTO,

DEBTOR.

CHAPTER 7

CASE NO. 17-75405 ast

## AFFIRMATION IN SUPPORT OF
## ENTRY OF AN ORDER GRANTING
## RELIEF FROM THE AUTOMATIC STAY

Shari S. Barak, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am a member with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar Mortgage LLC as Servicer for HSBC Bank USA, National Association as Trustee for J.P. Morgan Alternative Loan Trust 2007-A1, Mortgage Pass-Through Certificates ("Movant"), a secured creditor of David I. Cassuto ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1) based upon Debtor's post-petition default, resulting in Movant's lack of adequate protection.

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Movant is a secured creditor of the Debtor, David Cassuto, pursuant to a note executed by David Cassuto on October 17, 2006, whereby David Cassuto promised to repay the

14-034033

principal amount of $680,000.00 plus interest to Franklin First Financial, LTD (the "Note"). To secure the repayment of the Note, 10/17/2006 granted Mortgage Electronic Registration Systems, Inc., as nominee for Franklin First Financial, LTD a mortgage, which was duly recorded in the Suffolk County Clerk's Office on January 19, 2007 in Liber M00021456, Page 234 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 314 Saint Andrews Road West, Southampton, NY 11968 (the "Property"). The Loan was assigned to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP, and said transfer was memorialized by an assignment of mortgage executed on June 2, 2011 and recorded July 18, 2011 (the "First Assignment of Mortgage"). The Loan was subsequently transferred to HSBC Bank USA, National Association, as Trustee for the Holders of the JPMorgan Alternative Loan Trust 2007 A-1 and said transfer was memorialized by an assignment of mortgage executed on June 12, 2012 and recorded September 7, 2012 (the "Second Assignment of Mortgage"). The Loan was subsequently transferred to Nationstar Mortgage LLC and said transfer was memorialized by an assignment of mortgage executed on June 16, 2014 and recorded July 8, 2014 (the "Third Assignment of Mortgage"). The Loan was subsequently transferred to HSBC Bank USA, National Association as Trustee for J.P. Morgan Alternative Loan Trust 2007-A1, Mortgage Pass-Through Certificates and said transfer was memorialized by an assignment of mortgage executed on September 15, 2017 (the "Fourth Assignment of Mortgage").Copies of the Note, Mortgage, and Assignments of Mortgage are annexed hereto as **Exhibit "A"**.

    5. Upon information and belief, the Debtor herein own(s) the Property.

    6. Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on or about September 6, 2017.

14-034033

7. The Mortgage was in default on the day the Debtor filed this bankruptcy. Based upon said default, Movant initiated foreclosure proceedings in the Supreme Court of the State of New York, County of Suffolk, under index number 068254-2014. Judgment of Foreclosure & Sale ("JFS") was entered January 10, 2017. Foreclosure sale was duly advertised in accordance with said judgment, with a sale date scheduled for September 7, 2017. The filing of the instant bankruptcy stayed said sale. Annexed hereto as **Exhibit "B"** are copies of the Judgment of Foreclosure & Sale and Notice of Sale.

8. Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan. As a result, the Mortgage remains due post-petition for the December 1, 2008 payment and each subsequent payment thereafter.

9. The amount of delinquency due as of September 7, 2017 under the Mortgage is as follows:

| | |
|---|---|
| 4 Defaulted Monthly Payments at $4,626.13 each (December 2008 through March 2009) | $18,504.52 |
| 32 Defaulted Monthly Payments at $4,648.38 each (April 2009 through November 2011) | $148,748.16 |
| 6 Defaulted Monthly Payments at $2,665.25 each (December 2011 through May 2012) | $15,991.50 |
| 6 Defaulted Monthly Payments at $2,806.90 each (June 2012 through November 2012) | $16,841.40 |
| 6 Defaulted Monthly Payments at $2,736.08 each (December 2012 through May 2013) | $16,416.48 |
| 6 Defaulted Monthly Payments at $2,665.25 each (June 2013 through November 2013) | $15,991.50 |
| 5 Defaulted Monthly Payments at $2,594.43 each (December 2013 through April 2014) | $12,972.15 |
| 27 Defaulted Monthly Payments at $3,815.05 each (May 2014 through July 2016) | $103,006.35 |
| 4 Defaulted Monthly Payments at $2,838.18 each (August 2016 through November 2016) | $11,352.72 |
| 4 Defaulted Monthly Payments at $5,294.14 each (December 2016 through March 2017) | $21,176.56 |
| 2 Defaulted Monthly Payments at $5,039.50 each (April 2017 through May 2017) | $10,079.00 |

14-034033

| | |
|---|---:|
| 4 Defaulted Monthly Payments at $5,082.36 each (June 2017 through September 2017) | $20,329.44 |
| Fees and Costs Lump Sum | $8,579.41 |
| Old Escrow | $44,683.46 |
| Total Delinquencies | $464,672.65 |

10. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "C"**.

11. Moreover, in view of the total debt due to Movant and in light of the Debtor's failure to make post-petition payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

12. As set forth in the Affidavit, as of September 7, 2017, the approximate debt due and owing to Movant equals $1,058,693.08. The debt is accruing interest at a rate of 3.625% per annum.

13. Based upon the Debtor's Schedule D, the Property has an estimated fair value of approximately $780,000.00. A copy of Debtor's Schedule D is annexed hereto as **Exhibit "D"**. As indicated in paragraph 11 herein above, the total debt to Movant equals $1,058,693.08. As such, there is no dispute that the debt due to the Movant exceeds the value of the Property. By the Debtor's own valuation, the estate has no equity in the Property sought to be foreclosed. Accordingly, relief from the automatic stay is also warranted under 11 U.S.C. § 362(d)(2).

14. The Debtor, Debtor's Attorney, the Chapter 7 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

15. No prior application has been made for the relief requested herein.

14-034033

16. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

17. Debtors executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) and (2) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:   October 5, 2017
         Melville, New York

　　　　　　　　　　　　　　　　　　　　　　__/s/Shari Barak
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Shari S. Barak
　　　　　　　　　　　　　　　　　　　　　　Managing Attorney
　　　　　　　　　　　　　　　　　　　　　　Shapiro, DiCaro & Barak, LLC
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Nationstar Mortgage LLC as Servicer
　　　　　　　　　　　　　　　　　　　　　　for HSBC Bank USA, National Association as
　　　　　　　　　　　　　　　　　　　　　　Trustee for J.P. Morgan Alternative Loan Trust
　　　　　　　　　　　　　　　　　　　　　　2007-A1, Mortgage Pass-Through Certificates
　　　　　　　　　　　　　　　　　　　　　　One Huntington Quadrangle, Suite 3N05
　　　　　　　　　　　　　　　　　　　　　　Melville, NY  11747
　　　　　　　　　　　　　　　　　　　　　　Telephone: (631) 844-9611
　　　　　　　　　　　　　　　　　　　　　　Fax: (631) 844-9525

14-034033